Bernadine WYNNYK, Plaintiff—
Appellant,

v.

JACKSON COUNTY, OREGON,
a Political Subdivision, De-
fendant—Appellee.

No. 02–35594.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 3, 2004.

Decided May 28, 2004.

Thad M. Guyer, Esq., T.M. Guyer &
Friends, Medford, OR, for Plaintiff–Appel-
lant.

Robert D. Newell, Esq., Jeffrey J.
Schick, Esq., Davis Wright Treemaine
LLP, Portland, OR, for Defendant–Appel-
lee.

Before: REINHARDT, SILVERMAN,
and CLIFTON, Circuit Judges.

MEMORANDUM *

Bernadine Wynnyk appeals the dismiss-
al of her complaint, contending that the
district court erred in concluding that the
elements for *Burford* abstention were sat-
isfied. *Burford v. Sun Oil Co.,* 319 U.S.
315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943).
Jackson County disputes that contention
and further contends that even if absten-
tion is appropriate under *Burford,* the fed-
eral court should abstain under *Younger v.
Harris,* 401 U.S. 37, 91 S.Ct. 746, 27

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts
of this circuit except as provided by Ninth
Circuit Rule 36–3.

L.Ed.2d 669 (1971). As the parties are familiar with the facts and arguments, we do not recount them here except as necessary. We affirm in part and reverse and remand in part.

The Ninth Circuit has noted that *Burford* abstention is an "extraordinary and narrow exception to the duty of the District Court to adjudicate a controversy properly before it." *City of Tucson v. U.S. West Communications, Inc.*, 284 F.3d 1128, 1133 (9th Cir.2002) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)). In applying the doctrine set forth in *Burford*, there are three requirements that must be met for the district court to abstain: (1) the state must have chosen to concentrate suits challenging the actions of the agency involved in a particular court; (2) the federal issues cannot be easily separated from complex state law issues with respect to which state courts might have special competence; and (3) federal review might disrupt state efforts to establish a coherent policy. *United States v. Morros*, 268 F.3d 695, 705 (9th Cir.2001) (citing *Knudsen Corp. v. Nevada State Dairy Comm'n*, 676 F.2d 374, 377 (9th Cir.1982)).

The district court erred in finding that all of Wynnyk's claims satisfy the *Burford* abstention requirements. Although Oregon has concentrated land use suits in a particular court, most of the issues to be decided here are not "entangled in a skein of state law," and federal review of Wynnyk's claims will not disrupt state efforts to establish a coherent land use policy. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 727, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996).

■ At heart, Wynnyk's federal claims do not actually implicate complicated aspects of the state land use program. Her first claim is a routine takings claim that federal courts handle frequently. The second claim is only that the County violated due process by acting arbitrarily and using disingenuous settlement offers to trick her into abandoning legal remedies. Whether the County officials actually had the authority to enter such settlements is almost irrelevant with respect to this claim, since the real question is whether the County violated due process by acting as if the settlements were real. Her third claim is an equal protection claim that does not implicate the land use laws themselves in any way. Her fourth claim, that Oregon law violates due process by (1) placing the burden of proof on the appellant and (2) enforcing a one-year waiting period before a land owner can refile a permit application, is primarily a federal constitutional question. Wynnyk only seeks a ruling as to whether or not it is *constitutional* to put the burden of proof on an appellant and enforce the one-year waiting period, not whether those provisions comport with Oregon land use law. Her state causes of action for inverse condemnation, intentional misrepresentation, and breach of contract are simple pendent claims that do not necessarily implicate land use law at all.

On the third *Burford* prong, although most of Wynnyk's claims involve state procedures and Oregon land use decisions to some degree, they do not threaten the state's ability to follow a coherent land use policy. In contrast to the cases where *Burford* abstention has been upheld, Wynnyk is not challenging the constitutionality of the entire land use program, she is only challenging the constitutionality of what the County did to her. *Cf. Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 115, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981) (where the federal plaintiff challenged the constitutionality of the entire state tax scheme, the Court noted that a successful suit would "halt the

operation" of the scheme); *Matson Navigation Co. v. Hawaii Pub. Util. Comm'n,* 742 F.Supp. 1468, 1476 (D.Haw.1990) (where "the question presented is a pure constitutional challenge ... to a state statute .... [a] determination with respect to the facial validity of an administrative order does not interfere with the processes of state government, nor does it require this court to have any local administrative expertise.").

■ The district court correctly abstained from and dismissed Wynnyk's request for specific performance. To fully adjudicate this claim, a court will need to decide numerous underlying issues of state law such as: which local officials have authority to enter into such agreements as allegedly were agreed to here, whether, such agreements are enforceable, and whether specific performance is an appropriate remedy for the breach of such agreements. The relief sought would potentially circumvent the procedures established under state land use law. We conclude that the specific performance claim presents complex issues of state law, the federal review of which is likely to disrupt state efforts to establish a coherent land use policy, such that *Burford* abstention was appropriate.

*Green v. Tucson,* 255 F.3d 1086 (9th Cir.2001), makes clear that *Younger* abstention does not apply to this action. Before a court reaches the three-prong *Younger* test, it must conclude that the federal proceedings would directly "interfere" with the state proceedings. *Id.* at 1094. The type of "interference" that requires abstention is not present merely by the fact that the federal proceedings "may well affect, or for practical purposes preempt ... a pending state court action." *Id.* at 1097 (quoting *New Orleans Pub. Serv. Inc. v. Council of New Orleans,* 491 U.S. 350, 373, 109 S.Ct. 2506, 105 L.Ed.2d 298

(1989)). It is also not important that some of the same issues that were presented to Oregon's Land Use Board of Appeals are presented to the federal court here. *Id.* at 1098 ("That some issues may be litigated in the federal court that are also pending before the state courts in the parallel lawsuit does not implicate the *Younger* doctrine."). Because the adjudication of Wynnyk's claims will not directly interfere with any ongoing state proceedings, *Younger* abstention is inappropriate.

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART.** Each party to bear its own costs.